**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRI-VALLEY | ) | |
| CORPORATION, et al., | ) | Case No. 12-12291 (MFW) |
| | ) | |
|        Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| CHARLES A. STANZIALE, JR., | ) | |
| AS CHAPTER 7 TRUSTEE FOR | ) | |
| TRI-VALLEY CORPORATION, | ) | |
| et al. | ) | |
| | ) | |
|        Plaintiff, | ) | Adv. No. 14-50446 (MFW) |
| | ) | |
|   v. | ) | |
| | ) | |
| DMJ GAS-MARKETING | ) | |
| CONSULTANTS, LLC | ) | |
| | ) | |
|        Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is DMJ's Motion to Dismiss the Trustee's preference complaint for failure to state a claim upon which relief can be granted arguing that the Complaint fails to describe the nature of the antecedent debt or identify the transferor. Because the Court finds that the Complaint fails to adequately allege the nature of the antecedent debt, it will grant the Motion to Dismiss, with leave to amend the Complaint.

---

[1] The Court is not required to state findings of fact or conclusions of law, pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure. Accordingly, the Court herein makes no findings of fact or conclusions of law. Instead, the facts recited are as averred in the Complaint, which must be presumed as true for the purposes of this Motion to Dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

I.  BACKGROUND

Tri-Valley Corporation ("TVC") was a crude oil and natural gas exploration, development, and production company that located and developed hydrocarbon resources in California.  (Adv. D.I. 1 at ¶ 7.)  TVC and its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on August 7, 2012 (the "Petition Date").  (Adv. D.I. 9 at ¶ 1.)  On March 25, 2013, the case was converted to chapter 7 (the "Conversion Date"), and Charles A. Stanziale, Jr., was appointed as chapter 7 trustee (the "Trustee").  (Adv. D.I. 9 at ¶ 1.)

On July 8, 2014, the Trustee filed a complaint seeking to avoid and recover alleged preferential transfers totaling $43,338.59 from DMJ Gas-Marketing Consultants LLC ("DMJ").  (Adv. D.I. 1 at ¶ 16.)  DMJ filed a Motion to Dismiss the Complaint, which has been fully briefed and is ripe for decision.  (Adv. D.I. 15.)

II.  JURISDICTION

This Court has core jurisdiction over this adversary proceeding.  28 U.S.C. §§ 1334 & 157(b)(2)(F).  The Court has the power to enter an order on a motion to dismiss even if the matter is non-core or the Court lacks authority to enter a final order. See, e.g., Boyd v. Kind Par, LLC, Case No. 11-CV-1106, 2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty

2

regarding the bankruptcy court's ability to enter a final judgment . . . does not deprive the bankruptcy court of the power to entertain all pretrial proceedings, including summary judgment motions."); In re Trinsum Grp., Inc., 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012) ("After Stern v. Marshall, the ability of bankruptcy judges to enter interlocutory orders in . . . proceedings has been reaffirmed . . . .").

III. DISCUSSION

    A.    Standard of Review

        1.    Rule 8(a)(2)

Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). In other words, "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of

3

an entitlement to relief . . . . [W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556).

    2.   Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a claim must meet the standards of pleading. The Supreme Court's decisions in Twombly, 550 U.S. at 555, and Ashcroft v. Iqbal, 556 U.S. 662 (2009) have shifted federal pleading standards from notice pleading to a heightened standard of pleading. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This heightened pleading requirement applies to all civil suits in federal courts. Id.

To survive a motion to dismiss under the new pleading standard, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[A] pleading offering only labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 555. "Courts have an obligation in matters before them to view the complaint

as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable." Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 184 (3d Cir. 2000). A court must "draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." Id.

Determining whether a complaint is "facially plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief." Id.

Courts must conduct a two-part analysis. Fowler, 578 F.3d at 210. "First, the factual and legal elements of a claim should be separated," with the reviewing court accepting "all of the complaint's well-pleaded facts as true, but . . . disregard[ing] any legal conclusions." Id. at 210-11. Next, the reviewing court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." Id.

B. Count 1 - Preferential Transfers

DMJ argues that the Complaint must be dismissed because it fails to establish a plausible claim for a preferential transfer

under section 547(b).  To survive a motion to dismiss, a preference complaint must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date [of the transfer], (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer."  OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.), 340 B.R. 510, 522 (Bankr. D. Del. 2006); Valley Media Inc. v. Borders, Inc. (In re Valley Media, Inc.), 288 B.R. 189, 192 (Bankr. D. Del. 2003).  See also Anderson News, LLC v. The News Grp., Inc. (In re Anderson News, LLC), No. 09-10695, 2012 WL 3638785, at *2 (Bankr. D. Del. Aug. 22, 2012) (concluding that the Valley Media/Oakwood Homes "standard is entirely consistent" with Twombley, Iqbal, and Fowler).

Alleged preferential transfers must be identified with particularity to ensure that the defendant receives sufficient notice of what transfer is sought to be avoided.  See, e.g., Buckley v. Merrill Lynch & Co., (In re DVI, Inc.), No. 03-12656, 2008 WL 4239120, at *5 (Bankr. D. Del. Sept. 16, 2008); Pardo v. Gonzava (In re APF Co.), 308 B.R. 183, 188-89 (Bankr. D. Del. 2004) (concluding that a preference complaint must identify each transfer by date, amount, name of transferor, and name of transferee).  Simply quoting the statutory language is insufficient to withstand a motion to dismiss.  Iqbal, 556 U.S. at 678.

6

When there are multiple debtors in a case, the Complaint must state which debtor owed the antecedent debt and that the same debtor made the preferential transfer.  See, e.g., Michalski v. State Bank and Trust (In re Taco Ed's, Inc.), 63 B.R. 913, 925 (Bankr. N.D. Ohio 1986) ("Where an obligation of the debtor is satisfied with property of a third party, or where the obligation which is satisfied is not owed by the debtor, there is no transfer which is subject to recovery under [section] 547(b).").

DMJ argues that the Trustee simply asserts the elements of section 547(b) and relies on legal conclusions rather than factual assertions.  Specifically, DMJ asserts that the Complaint does not contain a specific reference to the nature of the antecedent debt, fails to describe the relationship between it and any of the Debtors, and is devoid of any specificity as to any contracts or any goods or services DMJ may have provided to the Debtors.  DMJ contends that Exhibit A to the Complaint, which is merely a schedule of payments made during the preference period, is insufficient to describe the nature of the antecedent debt.  DMJ also asserts that the Complaint fails to allege the identity of the Debtor or Debtors who did business with DMJ for which an antecedent debt could have arisen, or in the alternative, that the Complaint inconsistently identifies whether one or all of the Debtors made the transfers.

The Trustee initially argues that "'[c]ourts are generally liberal with pleading requirements when a third party trustee is the one bringing the complaint.'" (Adv. D.I. 11 at p.2 (quoting Claybrook v. Bear Growth Capital Partners, LP (In re WBE, LLC), No. 09-10649, 2011 WL 2607090, at *3 (Bankr. D. Del. June 30, 2011)). However, the cases cited by the Trustee concern fraudulent transfers, which must be plead with particularity pursuant to Fed. R. Civ. P. 9(b), not preferential transfers, which are the claims at issue here. See In re Am. Bus. Fin. Servs., Inc., 361 B.R. 747, 753-54 (Bankr. D. Del. 2007) ("A bankruptcy trustee, as a third party outsider to the debtor's transactions, is generally afforded greater liberality in pleading fraud.").

The Trustee responds nonetheless that it has met the pleading requirements to survive the Motion to Dismiss.  The Trustee contends that the Complaint and Exhibit A, when read together, sufficiently detail the nature of the antecedent debt and its payments.  The Trustee argues that the Complaint alleges that the parties conducted business together and that the transfers were made for, or on account of, antecedent debt owed to DMJ by the Debtors.  (Adv. D.I. 11 at p.4.)  The Trustee further notes that Exhibit A identifies TVC as the Debtor-transferor along with the specific account from which the transfers were made.  (Id.)  This, the Trustee contends, makes

Count 1 plausible on its face.

The Court finds that the Complaint adequately alleges facts identifying the date of transfer, name of transferee, and transfer amount. (Adv. D.I. 1 at ¶ 16) (stating that between "May 9, 2012 to August 6, 2012, the Debtors made transfers to Defendant in the amount of $43,338.59 (the 'Transfers').") In addition, Exhibit A identifies the account number from which the transfers were made, as well as the amounts, issue, and clear dates of each payment. (Adv. D.I. 1 at Ex. A.)

The Court also finds that the Complaint sufficiently identifies which debtor made the alleged transfers. Although, the Complaint generally alleges that "the Debtors" made transfers to DMJ, Exhibit A specifies that all payments to DMJ were issued by TVC from its general account at Wells Fargo. (Adv. D.I. 1 at ¶ 16 and Ex. A.) This sufficiently identifies which Debtor made the alleged transfers. See AP Services, LLC v. Bellco Drug Corp. (In re CRC Parent Corp.), No. 10-11567, 2013 WL 781603, at *3-4 (Bankr. D. Del. Mar. 1, 2013) (concluding that an exhibit to the complaint sufficiently identified a specific debtor that made the alleged preferential transfers).

However, the Court finds that the Complaint fails to allege sufficient facts detailing the nature of the alleged antecedent debt. See Shandler v. DLH Merchant Banking, Inc. (In re Insilco Techs., Inc.), 330 B.R. 512, 520 (Bankr. D. Del. 2005)

(concluding that the complaint failed to identify the antecedent debt); TWA, Inc. Post Confirmation Estate v. Marsh USA Inc. (In re TWA, Inc. Post Confirmation Estate), 305 B.R. 228, 232 (Bankr. D. Del. 2004) (finding the complaint deficient, inter alia, for failing to provide the nature and amount of the antecedent debt). The Complaint fails to provide any details to show that there was in fact an antecedent debt, stating only that "[t]he Transfers were made for or on account of antecedent debt owed to the Defendant by the Debtors before the Transfers were made." (Adv. D.I. 1 at ¶ 20.)  The recitation of the elements of section 547 in place of factual allegations is insufficient to withstand a motion to dismiss.  Iqbal, 556 U.S. at 678.

The Trustee's failure to allege sufficient facts to evidence a pre-existing debtor/creditor relationship or the nature of the alleged antecedent debt is not cured by the Trustee's allegation in its opposition brief that DMJ provided gas and transportation services to the Debtors.  (Adv. D.I. 11 at ¶ 5.)  Indeed, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007).

In addition to a preference claim, Count 1 of the Complaint seeks to recover avoided transfers pursuant to section 550(a). DMJ contends that the relief sought pursuant to section 550(a) should be dismissed because the Trustee did not state a valid

claim pursuant to section 547.  Because the Court is granting the Motion to Dismiss Count 1, the section 550(a) relief must also be dismissed.  See, e.g., Burtch v. Huston (In re USDigital, Inc.), 443 B.R. 22, 40 (Bankr. D. Del. 2011) (denying a claim under section 550 because the transfers at issue were unavoidable).

    C.    Amendment of Complaint

The Trustee has asked the Court for leave to amend the Complaint if the Complaint is found to be insufficient in detail.

Rule 15(a) states that "leave to amend shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Because DMJ presents no reason why leave to amend should not be granted, the Court will allow the Trustee to amend the Complaint.

IV. CONCLUSION

For the reasons set forth above, the Court will grant the Motion to Dismiss but will allow the Trustee to amend the Complaint.

An appropriate Order is attached.

Dated: January 7, 2015        BY THE COURT:

Mary F. Walrath
United States Bankruptcy Judge